[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 04, 2011
JOHN LEY
CLERK

No. 10-12557
Non-Argument Calendar
_____

D. C. Docket No. 3:08-cv-01751-CLS

THOMAS CLEVELAND,

Plaintiff-Appellant,

versus

SECRETARY OF THE TREASURY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 4, 2011)

Before DUBINA, Chief Judge, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Thomas Cleveland appeals from the district court's grant of the

Treasury Department's motion for summary judgment on his age discrimination

and retaliation claims under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 633a(a). On appeal, Cleveland argues that he produced

sufficient evidence to show that the Department's failure to promote him was a

pretext for unlawful discrimination because, he showed that his qualifications were

superior to those of the individual selected for the promotion. He also contends

that the district court erred in failing to consider his retaliation claim under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

We review a trial court's grant of a motion for summary judgment *de novo*,

"viewing the record and drawing all reasonable inferences in the light most

favorable to the non-moving party." *HR Acquisition I Corp. v. Twin City Fire Ins.

Co.*, 547 F.3d 1309, 1313-14 (11th Cir. 2008) (quoting *Patton v. Triad Guar. Ins.

Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). Summary judgment is proper "if the

pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled

to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The ADEA prohibits various federal agencies from discriminating against

employees based on age. 29 U.S.C. § 633a(a). The ADEA also prohibits

retaliation against federal employees who complain of age discrimination.

*Gomez-Perez v. Potter*, 553 U.S. 474, 491, 128 S. Ct. 1931, 1943, 170 L. Ed. 2d

887 (2008). Title VII prohibits employers from discriminating against employees for engaging in activity protected under the statute. 42 U.S.C. § 2000e-3(a). Specifically, it prohibits discrimination because an employee "opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.*

We evaluate ADEA age-discrimination claims that are based on circumstantial evidence under the *McDonnell Douglas* burden-shifting framework. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). We also analyze Title VII retaliation cases under the *McDonnell Douglas* framework. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010). "First, the plaintiff must establish a prima facie case, which raises a presumption that the employer's decision was more likely than not based on an impermissible factor." *Richardson v. Leeds Police Dep't*, 71 F.3d 801, 805 (11th Cir. 1995). A plaintiff may establish a *prima facie* case for an ADEA violation "by showing that he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman*, 229 F.3d at 1024. To establish a *prima facie* case for retaliation under Title VII, the plaintiff must show that "(1) he engaged in

3

statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Once the plaintiff establishes his *prima facie* case, the burden shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for its action. *Richardson*, 71 F.3d at 805. If the employer carries this burden, the plaintiff must persuade the trier of fact that the employer's proffered reasons are a pretext for discrimination. *Id*. at 806. To avoid summary judgment, a plaintiff need not show by a preponderance of the evidence that the reasons stated were pretext, but must place material facts at issue. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 921 (11th Cir. 1993). A plaintiff cannot prove pretext simply by showing that he was better qualified than the person who received the coveted position. *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007). Instead, he must show "that the disparities between the successful applicant's and his own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Id*. (internal quotation marks omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). The purpose of this requirement "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. The rule in *Twombly* applies to all civil actions. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at ___, 129 S. Ct. at 1949. Rule 8(a)'s "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious clams." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (holding that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case of discrimination).

We decline to decide whether the district court erred in failing to consider

Cleveland's retaliation claim under Title VII because, even if we evaluated his claim under Title VII, Cleveland has not demonstrated that the Department's proffered reason for choosing the selectee based on his superior interview performance, was a pretext for unlawful discrimination. Cleveland has not demonstrated that the disparities between his qualifications and those of the selectee "were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen" the selectee. He has also not demonstrated that the Department's promotion decision was motivated by age discrimination, or was made in retaliation for Cleveland's participation in any protected activities.

For the aforementioned reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**